### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA THOMPSON, as Personal ) <br> Representative of the Estate of ) <br> MARCONIA LYNN KESSEE, ) <br> ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOARD OF COUNTY COMMISSIONERS ) <br> FOR CLEVELAND COUNTY, an Oklahoma ) <br> Political Subdivision, et al. ) <br> ) <br>         Defendants. ) | Case No. CIV-19-113-SLP |

## ANSWER OF DEFENDANT GIBSON

COMES NOW Defendant Sheriff Todd Gibson, in his individual and official capacities, and for his answer to the Plaintiff's Complaint, denies generally each and every allegation therein unless specifically admitted herein. For further answer, Defendant Gibson states as follows:

## INTRODUCTION

Defendant Gibson denies all allegations within Plaintiff's Introduction section

## THE PARTIES

1. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 1.

2. The allegations in paragraph 2 call for a legal conclusion and a response thereto is not required.

3. Defendant admits the Sheriff's Office is responsible for the operation of the Cleveland County Detention Center.

4. Defendant admits that he is the elected Sheriff of Cleveland County and that he is responsible for the policies and procedures regarding the operation and maintenance of the Cleveland County Detention Center. He admits that, at all times relevant hereto, he was acting under color of law and in his scope of employment as the Sheriff of Cleveland County. Defendant denies all other allegations as stated in paragraph 4.

5. Defendant admits that Defendant Andrews acted under color of law and, upon information and belief, within the scope of his employment as a detention officer at the Cleveland County Detention Center at all relevant times and denies the remaining allegations in paragraph 5 as stated.

6. Defendant admits that Defendant Knapp acted under color of law and, upon information and belief, within the scope of his employment as a detention officer at the Cleveland County Detention Center at all relevant times and denies the remaining allegations in paragraph 6 as stated.

7. Defendant admits that Defendant Barr acted under color of law and, upon information and belief, within the scope of his employment as a detention officer at the Cleveland County Detention Center at all relevant times and denies the remaining allegations in paragraph 7 as stated.

8. Defendant admits that Defendant Shifflett acted under color of law and, upon information and belief, within the scope of his employment as a detention officer at

the Cleveland County Detention Center at all relevant times and denies the remaining allegations in paragraph 8 as stated.

9. Defendant admits that Defendant Scott acted under color of law and, upon information and belief, within the scope of his employment as a detention officer at the Cleveland County Detention Center at all relevant times and denies the remaining allegations in paragraph 9 as stated.

10-19. The allegations in paragraphs 10-19 are directed toward other defendants; thus, a response is not thereto is not required.

## JURISDICTION AND VENUE

20. Defendant admits the Plaintiff is complaining of an incident that occurred in Cleveland County, Oklahoma, and denies any liability thereof.

21. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 21.

22. Defendant admits that he was acting under color of state law and within the scope of his employment at all relevant times as alleged in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant admits jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

Defendant incorporates all previous responses herein.

25.-108. Defendant lacks personal knowledge and sufficient information to either admit or deny the allegations contains in paragraphs 25 through 108.

109. Defendant lacks sufficient information to admit or deny what Defendant Brown allegedly said to Kessee as stated in paragraph 109 and denies the remaining allegations therein.

110. Defendant admits Kessee needed assistance to enter the detention center by Defendants Brown, Barr and Shifflett, admits that Barr and Shifflett were employed at the detention center and denies as stated the remaining allegations in paragraph 110.

111. Defendant denies the allegations in paragraph 111.

112. Defendant admits that Defendants sat Kessee in a chair and lacks sufficient information to either admit or deny the remaining allegations in paragraph 112.

113.-115. Defendant lacks sufficient information to either admit or deny the allegations

116. Defendant admits Rickert made the statement and denies that it was false as alleged in paragraph 116.

117. Defendant admits that Kessee began hitting his head against the wall of the intake area while sitting on the bench and denies the remaining allegations in paragraph 117.

118. Defendant admits Rickert administered an ammonia inhalant and lacks sufficient information to either admit or deny the remaining allegations in paragraph 118.

119. Upon information and belief, Defendant admits that Defendant Barr believed Kessee had faked a seizure and lacks sufficient information to either admit or deny the remaining allegations in paragraph 119.

120. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 120.

121. Upon information and belief, Defendant admits that Defendant Shifflett reported that Kessee did not react to the ammonia inhalant right away and denies the remaining allegations in paragraph 121.

122. The allegations in paragraph 122 are directed toward another defendant; thus, a response is not required thereto.

123. The allegations in paragraph 123 are directed toward another defendant; thus, a response is not required thereto.

124. Defendant denies the allegations in paragraph 124 as they relate to Defendants Shifflett, Barr and Knapp.

125. Defendant admits Kessee was taken to a cell and denies that medical attention was needed at that time as alleged in paragraph 125.

126. The allegations in paragraph 126 are directed toward another defendant; thus, a response is not required thereto.

127. Defendant admits that Kessee was taken out of the intake area and that Defendant Brown exited the facility and denies the remaining allegations in paragraph 127.

128-142. The allegations in paragraphs 128 through 142 are directed toward other defendants; thus, a response is not required thereto.

143-146. Defendant admits Kessee was a pretrial detainee as alleged in paragraphs 143 through 146.

147. Defendant denies the allegations in paragraph 147.

148. Upon information and belief, Defendant admits the allegations in paragraph 148.

149. Upon information and belief, Defendant admits the allegations in paragraph 149.

150. Defendant admits the allegations in paragraph 150.

151. Defendant denies the allegations in paragraph 151.

152. Defendant admits the allegations in paragraph 152.

153. Defendant admits the allegations in paragraph 153.

154. Defendant denies the allegations in paragraph 154.

155. Defendant admits the allegations in paragraph 155.

156. Defendant denies the allegations in paragraph 156.

157. Defendant admits the jailers performed sight checks on Kessee at approximately every 15 minutes per the allegations in paragraph 157.

158. Defendant denies the allegations in paragraph 158.

159. Defendant admits the allegations in paragraph 159.

160. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 160.

161. Defendant denies the allegations as stated in paragraph 161.

    a. Upon information and belief, Defendant admits the allegations in paragraph 161, sub-part a.

    b. Upon information and belief, Defendant admits that Defendant Shifflett performed a sight check at 8:16 pm, that Kessee was lying on his stomach with his head facing away from the door. Defendant lacks sufficient information to either admit or deny the remaining allegations in paragraph 161, sub-part b.

    c. Upon information and belief, Defendant admits that Defendant Knapp performed a sight check and saw what he believed to be Kessee's leg moving. Defendant lacks sufficient information to either admit or deny the remaining allegations in paragraph 161, sub-part c.

    d. Upon information and belief, Defendant admits that Defendant Scott performed a sight check at 9:04 pm, that he saw Kessee in the cell and that he thought he saw Kessee's body moving and lacks sufficient information to either admit or deny the remaining allegations in paragraph 161, sub-part d.

    e. Upon information and belief, Defendant admits that Defendant Andrews performed four (4) sight checks and observed Kessee apparently sleeping and nothing out of the ordinary. Defendant lacks sufficient information to either admit or deny the remaining allegations in paragraph 161, sub-part e.

162. Defendant denies as stated the allegations in paragraph 162.

163. The allegations in paragraph 163 are denied.

164. The allegations in paragraph 164 are denied.

165. Upon information and belief, the allegations in paragraph 165 are admitted.

166. Upon information and belief, the allegations in paragraph 166 are admitted.

167. Defendant admits that approximately two (2) hours had transpired from the time Kessee was brought into the jail and the time he was found unconscious. Defendant denies the remaining allegations in paragraph 167.

168. Defendant lacks sufficient information as to when Kessee had actually died; the remaining allegations in paragraph 168 are denied.

169-172. Upon information and belief, Defendant admits the allegations in paragraphs 169 through 172.

173. Upon information and belief, the allegations in paragraph 173 are admitted.

174. Upon information and belief, the allegations in paragraph 174 are admitted.

175. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 175.

176. Defendant admits the allegations in paragraph 176.

177-188. Defendant denies the allegations in paragraphs 177 through 188.

## COUNT I
## NEGLIGENCE

Defendant incorporates all previous responses herein.

189-196. The allegations in paragraph 189 through 196 are directed toward other defendants; thus, a response is not required thereto.

## COUNT II
## NEGLIGENT HIRING, RETENTION, TRAINING, SUPERVISION

Defendant incorporates all previous responses herein.

197-203. The allegations in paragraph 197 through 203 are directed toward other defendants; thus, a response is not required thereto.

## COUNT III
## CORPORATE LIABILITY: NEGLIGENT CREDENTIALING

Defendant incorporates all previous responses herein.

204-207. The allegations in paragraph 204 through 207 are directed toward other defendants; thus, a response is not required thereto.

## COUNT IV
## USE OF EXCESSIVE FORCE – U.S.C. SEC. 1983

Defendant incorporates all previous responses herein.

208-221. The allegations in paragraph 208 through 221 are directed toward other defendants; thus, a response is not required thereto.

## COUNT V
## DELIBERATELY INDIFFERENT POLICIES, PRACTICES AND CUSTOMS, AND DELIBERATELY INDIFFERENT TRAINING AND SUPERVISION IN VIOLATION OF 42 U.S.C. SEC. 1983

Defendant incorporates all previous responses herein.

222-240. The allegations in paragraph 222 through 240 are directed toward other defendants; thus, a response is not required thereto.

## COUNT VI
## NEGLIGENCE

Defendant incorporates all previous responses herein.

241-246. The allegations in paragraph 241 through 246 are directed toward other defendants; thus, a response is not required thereto.

## COUNT VII
## ASSAULT AND BATTERY

Defendant incorporates all previous responses herein.

247-251. The allegations in paragraph 247 through 251 are directed toward other defendants; thus, a response is not required thereto.

## COUNT VIII
## DELIBERATE DISREGARD OF SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS – 42 U.S.C. SEC. 1983

Defendant incorporates all previous responses herein.

252-254. The allegations in paragraphs 252 through 254 are legal conclusions; thus, a response is not required thereto.

255. Defendant denies the jailer defendants violated Kessee's constitutional rights pursuant to the Eighth and Fourteenth Amendments as alleged in paragraph 255.

256-264. With regard to the allegations in paragraphs 256 through 264 that pertain to jailer defendants, all such allegations are denied.

## COUNT IX
## DELIBERATELY INDIFFERENT POLICIES, PRACTICES AND CUSTOMS AND DELIBERATELY INDIFFERENT TRAINING AND SUPERVISION IN VIOLATION OF 42 U.S.C. SEC. 1983

Defendant incorporates all previous responses herein.

265. To the extent the allegations in paragraph 265 are directed toward this defendant, or any of the jailer defendants, denied.

266-284. The allegations in paragraph 266 through 284 are directed toward other defendants; thus, a response is not required thereto.

## COUNT X
## DELIBERATELY INDIFFERENT POLICIES, PRACTICES AND CUSTOMS AND DELIBERATELY INDIFFERENT TRAINING AND SUPERVISION IN VIOLATION OF 42 U.S.C. SEC. 1983

Defendant incorporates all previous responses herein.

285. The allegations in paragraph 285 are denied.

286. Defendant admits he has final authority to establish policy with regard to detainees of the Cleveland County Detention Center.

287. The allegations in paragraph 287 are denied.

288. Defendant admits he has final authority to establish policy with regard to detainees of the Cleveland County Detention Center.

289. The allegations in paragraph 289 and all of its sub-parts are denied.

290-304. The allegations in paragraphs 290 through 304 are denied.

## COUNT XI
## DELIBERATELY INDIFFERENT POLICIES, PRACTICES AND CUSTOMS AND DELIBERATELY INDIFFERENT TRAINING AND SUPERVISION IN VIOLATION OF 42 U.S.C. SEC. 1983

Defendant incorporates all previous responses herein.

305. The allegations in paragraph 305 are denied.

306-307. Defendant admits that it delegates authority to provide healthcare to the inmates to Defendant Turn Key as alleged in paragraphs 306 and 307 and denies all other allegations therein.

308. The allegations in paragraph 308 are denied.

309. Defendant denies all allegations in paragraph 309 and its sub-parts.

310-324. The allegations in paragraphs 310 through 324 are denied.

## CAUSATION OF INJURIES AND DAMAGES

Defendant incorporates all previous responses herein.

325-328. Defendant denies all allegations within paragraphs 325 through 328.

### COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

329-330. Defendant denies all allegations within paragraphs 329 and 330 and all sub-parts therein.

### AMOUNT OF DAMAGES

Defendant incorporates all previous responses herein.

331. Defendant denies all allegations within paragraph 331.

### PUNITIVE DAMAGES

Defendant incorporates all previous responses herein.

332-334. Defendant denies all allegations within paragraphs 332 through 334.

### DEMAND FOR JURY TRIAL

335.     Defendant also demands a jury trial.

### RESERVATION OF ADDITIONAL CLAIMS

336.    Defendant objects to Plaintiff adding further claims and/or parties to the extent that Plaintiff has failed to state a claim upon which relief may be granted and pursuant to any applicable statutes of limitation.

Defendant denies all allegations within Plaintiff's subsequent prayer for relief.

### AFFIRMATIVE DEFENSES

Defendant Todd Gibson, in his individual and official capacities, hereby submits the following defenses to the allegations in Plaintiff's Complaint:

1.     The Complaint fails to state a claim for any federal or state constitutional violation or any state law claim against this defendant.

2. Plaintiff's alleged injuries and damages were the result of actions or inactions of a third party over whom Defendant in had no authority or control, or were caused by Decedent's own actions.

3. Plaintiff's alleged injuries and damages were the result of intervening or superseding causes over which this Defendant had no control.

4. This Defendant did not personally participate in any alleged constitutional violation of Plaintiff's rights.

5. Defendant was, at all relevant times, acting within the scope of his employment as Sheriff of Cleveland County.

6. Defendant Gibson cannot be held liable for any constitutional violation resulting from the acts of any agents, servants, or employees under the doctrine of *respondeat superior* or vicarious liability.

7. No policy, custom, rule or practice established by Defendant contributed to or caused any alleged constitutional violation.

8. Defendant cannot be held liable for any state law violation resulting from the acts of any agents, servants, or employees acting outside the scope of their employment.

9. Plaintiff has failed to set forth any allegation which would create a material issue of fact to the requisite culpable state of mind of deliberate indifference on behalf of Defendant.

10. Defendant is entitled to qualified immunity.

11. Defendant did not violate any of Plaintiff's clearly established constitutional rights; his actions regarding Plaintiff were objectively reasonable.

12. Defendant is entitled to immunity under the Oklahoma Governmental Tort Claims Act for any alleged violation of state law.

13. A claim for punitive damages against this Defendant, individually, violates the Defendant's rights under the State of Oklahoma and the United States of America.

14. Punitive damages cannot be assessed against this Defendant in his official capacity.

15. Defendant is entitled to a settlement credit or off-set regarding any settlement with any other party in this case pursuant to 12 O.S. §832(H), other state law, and/or federal common law.

16. Defendant affirmatively pleads indemnity and contribution.

17. Defendant properly trained and supervised all detention officers at all times relevant herein.

18. The policies and procedures of the Cleveland County Sheriff's Office and Detention Center are adequate and conform to the requirements of the State of Oklahoma and the U.S. Constitution.

WHEREFORE, premises considered, Defendant Todd Gibson, in his individual and official capacities, prays that judgment be entered in his favor and against Plaintiff, together with costs of defending this action, including reasonable attorney's fee, and all other relief that this Court deems appropriate under the circumstances.

Respectfully submitted,

s/Jessica L. Dark
Robert S. Lafferrandre, OBA #11897
Randall J. Wood, OBA #10531
Jessica L. Dark, OBA #31236
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, LLP
Post Office Box 26350
Oklahoma City, Oklahoma 73126
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
Email: jdark@piercecouch.com
*Attorneys for Defendant Board of County Commissioners for Cleveland County, Cleveland County Sheriff's Office, Gibson, Andrews, Knapp, Barr, Shifflett, and Scott*

**CERTIFICATE OF MAILING**

      I hereby certify that on the 12th day of February, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and understand a notice will be issued to the below counsel of record:

| | |
|---|---|
| Chris Hammons<br>Jason M. Hicks<br>1332 S.W. 89th Street<br>Oklahoma City, OK 73159<br>***Attorneys for Plaintiff*** | Alexandra G. Ah Loy<br>Johnson, Hanan and Vosler<br>9801 N. Broadway Extension<br>Oklahoma City, OK 73114<br>(405) 232-6100<br>(405) 232-6105<br>aahloy@johnsonhanan.com<br>***Attorney for Defendant Turn Key Health Clinics, LLC*** |
| Glen D. Huff<br>Robert D. Hoisington<br>201 Robert S. Kerr Avenue, 12th Floor<br>Oklahoma City, OK 73102<br>Telephone: (405) 232-4633<br>Facsimile: (405) 232-3462<br>glenhuff@oklahomacounsel.com<br>roberthoisington@oklahomacounsel.com<br>***Attorney for Defendant Norman Regional Hospital Authority, a public trust*** | CITY OF NORMAN, OKLAHOMA<br>KATHRYN WALKER, INTERIM CITY ATTORNEY<br>Rickey J. Knighton II, OBA No. 17257<br>Jeanne Snider, OBA No. 19223<br>Kristina L. Bell, OBA No. 21597<br>Assistant City Attorneys<br>P.O. Box 370<br>201 West Gray<br>Norman, Oklahoma 73070<br>***Attorneys for City of Norman, Norman Police Department, Humphrey, Canaan, Brown*** |

                                        s/Jessica L. Dark
                                        Jessica L. Dark