## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PATRICIA THOMPSON, as Personal Representative of the Estate of MARCONIA LYNN KESSEE,

      Plaintiff,

v.

      Case No. CIV-19-113 SLP

CITY OF NORMAN, et al.,

      Defendants.

---

## DEFENDANT CITY OF NORMAN'S
## MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

---

Rickey J. Knighton II, OBA No. 17257
Assistant City Attorney
Jeanne Snider, OBA No. 19223
Assistant City Attorney
Anthony Purinton, OBA No. 34276
P.O. Box 370
201 West Gray
Norman, Oklahoma 73070
Telephone:  (405) 217-7700
Facsimile:  (405) 366-5425
Email:  rick.knighton@normanok.gov
Email:  jeanne.snider@normanok.gov
Email:  anthony.purinton@normanok.gov

*Attorneys for Keith Humphrey*

June 23, 2021

## <u>TABLE OF CONTENTS</u>

Table of Authorities ................................................................................ ii

Brief in Support ...................................................................................... 1

Background ............................................................................................. 2

LCvR 56.1(c) Statement ......................................................................... 4

    A.    Excessive Force ............................................................. 4
    B.    Negligence .................................................................... 6
    C.    Medical Care ................................................................ 7

Standard of Review ................................................................................ 8

Argument and Authority ........................................................................ 8

PROPOSITION I

THERE IS GENUINE ISSUE FOR TRIAL REGARDING
PLAINTIFF'S EXCESSIVE FORCE CLAIM ........................................... 8

PROPOSITION II

THERE IS NO GENUINE ISSUE FOR TRIAL REGARDING
PLAINTIFF'S NEGLIGENCE CLAIM .................................................. 10

PROPOSITION III

THERE IS NO GENUINE ISUE REGARDING PLAINTIFF'S
FAILURE TO PROVIDE MEDICAL CARE CLAIM ............................. 12

Conclusion ........................................................................................... 13

Certificate of Services .......................................................................... 16

Index of Exhibits.................................................................................. 17

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ............................................................. 8

*Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) ................................ 8, 9

*Benavidez v. United States*, 177 F.3d 927 (10th Cir. 1999) .............................. 11

*Bradley v. Ash*, 2020 WL 3868900 (10th Cir. 2020) ...................................... 3, 4

*Broom v. Wilson Paving & Excavating, Inc.*, 2015 OK 19, 356 P.3d 617 ............................................................................. 10, 11

*City of Los Angeles v. Heller*, 475 U.S. 796, 106 S. Ct. 1571, 89 L. Ed.2d 806 (1986) ...................................................... 13

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) ....................................................... 9

*Estate of Hocker ex rel. Hocker v. Walsh*, 22 F.3d 995 (10th Cir. 1994) ........ 12

*Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) .......... 12

*Kile v. Kile*, 1936 OK 748, 63 P.2d 753 ........................................... 10

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) .................................. 8

*Rodebush By & Through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241 ................................................ 14

*St. Louis & S.F.R. Co. v. Boush*, 1918 OK 367, 174 P. 1036 .......................... 11

*Stover v. Martinez*, 382 F.3d 1064 (10th Cir. 2004)......................................... 8

*Watson v. Corr. Corp. of Am.*, 2018 WL 1474895 (E.D. Okla. 2018) ............. 12

## Statutes

42 U.S.C. § 1983............................................................................. 1, 2, 3, 8

21 O.S. 643 .................................................................................... 3

## Rules

Federal Rule of Civil Procedure 56 ................................................. 1, 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PATRICIA THOMPSON, as Personal
Representative of the Estate of
MARCONIA LYNN KESSEE,

     Plaintiff,

v.

NORMAN REGIONAL HOSPITAL
AUTHORITY d/b/a NORMAN
REGIONAL HOSPITAL, a public trust,
et. al.,

     Defendants.

Case No. CIV-19-113-SLP

## CITY OF NORMAN'S
## MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

**COMES NOW** Defendant City of Norman (City) under Rule 56 of the Federal Rules of Civil Procedure (FRCP) and this Court's Local Rules to move this Court to grant summary judgment in its favor on the state and federal claims alleged by Plaintiff. In support of this Motion, the City submits the following Brief.

**WHEREFORE** the City prays that summary judgment be granted in its favor and for all other relief deemed just and equitable.

## BRIEF IN SUPPORT

This Motion for Summary Judgment raises the following issues:

1.     Count V of Plaintiff's Second Amended Complaint alleges an excessive force claim against the City under 42 U.S.C. § 1983. The undisputed facts in this case show that the City's written policies are constitutional and negate Plaintiff's ability to establish that the City maintains a custom or practice of allowing its police officers to use excessive force. Do the

undisputed facts regarding Count V present a genuine issue for trial?

2.     Count VI of Plaintiff's Second Amended Complaint alleges a negligence claim against the City.  The undisputed facts in this case show that the conduct at issue in this case was intentional.  Do the undisputed facts regarding Count VI present a genuine issue for trial?

3.     Count IX of Plaintiff's Second Amended Complaint alleges a failure to provide medical care claim against the City under 42 U.S.C. § 1983.  The undisputed facts in this case show that the City's written policy is constitutional and negate Plaintiff's ability to establish that the City maintains an unconstitutional custom or practice of failing to provide medical care.  Do the undisputed facts regarding Count IX present a genuine issue for trial?

## **BACKGROUND**

On January 16, 2018, Plaintiff's decedent, "Marconia Lynn Kessee," sought medical treatment from Norman Regional Hospital.  In particular, Mr. Kessee asserted that he had a headache and requested Norco or Demerol.[1]  Exhibit No. 1 — Norman Regional Hospital Medical Record from January 16, 2018 at 5:36 pm.[2]

---

[1] Norco contains a combination of acetaminophen and hydrocodone.  Hydrocodone is an opioid pain medication sometimes called a narcotic. Acetaminophen is a less potent pain reliever that increases the effects of hydrocodone.   What is Norco?, https:// www.drugs.com/norco.html (last visited February 8, 2021).  Demerol (meperidine) is an opioid pain medication.  An opioid is sometimes called a narcotic.  Demerol is a strong prescription pain medicine that is used to manage the relief short-term pain, when other pain treatments such as non-opioid pain medicines do not treat pain well enough or the patient cannot tolerate them.  Careless use of Demerol can put you at risk of overdose and death.  What is Demerol?, https:// www.drugs.com/ demerol.html (last visited February 8, 2021).

[2] City's Exhibit Nos. 1, 5, and 6 are Defendant Canaan's Exhibit No. 1 [Doc. Entry Nos. 202-1 and 202-2], Exhibit No. 23 [Doc. Entry No. 202-5], and Exhibit No. 24 [Doc. Entry No. 202-6].   In the interest of judicial economy, the City adopts and incorporates Defendant Canaan's Exhibits as Exhibits Nos. 1, 5, and 6.

*See also* Exhibit No. 2 – Norman Police Department Body Camera Video and Norman Regional Hospital Surveillance Video at Norman Regional Hospital Surveillance Video.  Mr. Kessee was advised that Norco and Demerol are not recommended for the treatment of headaches and offered alternative medications. Mr. Kessee refused this offer and stated that he would like to leave.  Mr. Kessee was discharged "awake and alert to person, place, and time" and allowed to remain in the emergency room lobby for the Norman Police Department to assist him to the Salvation Army's homeless shelter.  Exhibit No. 1.

Norman Police Officers Kyle Canaan and Daniel Brown were tasked with assisting Mr. Kessee to the Salvation Army's homeless shelter.  Exhibit No. 2 at Norman Police Department Body Camera Video.[3]  Officers Canaan and Brown initially attempted to persuade Mr. Kessee to voluntarily leave Norman Regional Hospital property.  *Id.*  When this attempt failed, Officers Canaan and Brown used the force authorized by 21 O.S. § 643(3) as a tool to motivate Mr. Kessee to leave. Exhibit No. 3 – October 20, 2020, Deposition of Kyle Canaan at pg. 42, ln. 23 to pg. 43, ln. 9.  When this failed, an agent for Norman Regional Hospital cited Mr. Kessee for trespassing and Officer Brown transported Mr. Kessee to the Cleveland

---

[3] In support of her claims, Plaintiff heavily relies on comments made to Mr. Kessee by Officers Canaan and Brown.  *See* Second Amended Complaint [Doc. Entry No. 106] at 14-20.  While it cannot be reasonably disputed that many of these comments are inappropriate, they do not violate 42 U.S.C. § 1983.  *See Bradley v. Ash*, 2020 WL 3868900, slip op. at *3 (D. Kan. 2020) ("[t]he use of racial epithets or mockery is deplorable, but it is not a violation of § 1983….").

County Detention Center.  Exhibit No. 4 – *City v. Kessee*, NPD Case No. 2018-3868.

While at the Cleveland County Detention Center, Mr. Kessee became unresponsive and was transported back to Norman Regional Hospital.  Exhibit No. 5 – Norman Regional Hospital Medical Record from January 16, 2018 at 10:26 pm.  Mr. Kessee was given a couple different rounds of medication and CPR with no affect.  *Id.*  Mr. Kessee was pronounced dead at 10:37 p.m.  *Id.*  The medical examiner subsequently opined that Mr. Kessee died as a result of "acute bupropion, methamphetamine, and atomoxetine toxicity" and that the manner of death was "accident."[4]  Exhibit No. 6 – Report of Investigation by Medical Examiner for Marconia Lyn Kessee.  Officers Brown and Canaan's contact with Mr. Kessee are the basis for Plaintiff's claims against the City.

## LCvR 56.1(c) STATEMENT OF UNDISPUTED FACTS

### A.   Excessive Force

1.       Norman Police Department (NPD) Policy No. 300 provides guidelines on the reasonable use of force.  Exhibit 7 – Norman Police Department Policies at Policy No. 300.  NPD Policy No. 300 requires officers to consider the factors

---

[4] Bupropion is an antidepressant medication used to treat major depressive disorder and seasonal affective disorder.  Bupropion, https://www.drugs.com/search.php?search term=bupropion (last visited February 10, 2021).  Atomoxetine is used to treat attention deficit hyperactivity disorder (ADHD).  What is atomoxetine?, https://www.drugs.com/ mtm/atomoxetine.html (last visited February 10, 2021).  Methamphetamine is a central nervous system stimulant.  It is used to treat attention deficit hyperactivity disorder (ADHD) and to treat obesity in people who have not lost weight with diets or other treatments.  What is methamphetamine?, https:// www.drugs.com/ methamphetamine. html (last visited February 10, 2021).

federal courts are required to consider when determining whether a constitutional violation has occurred. *Compare* Exhibit 7 at 300.3.2 with Order [Doc. Entry No 83] at 29.

2.      Defendants Canaan and Brown were disciplined for their interaction with Mr. Kessee. In particular, each was disciplined for violating Norman Police Department Policy No. 320.5.9(c) and (m). Exhibit No. 8 – December 21, 2020, Deposition of Keith L. Humphrey at pg. 43, ln. 21 to pg. 44, ln. 7.

3.      Norman Police Department Policy No. 320.5.9(c) and (m) prohibits the following conduct:

(c)      Exceeding lawful peace officer powers by unreasonable, unlawful or excessive conduct.

*      *      *

(m)     Any other on-or off-duty conduct which any member knows or reasonably should know is unbecoming a member of this department, is contrary to good order, efficiency or morale, or tends to reflect unfavorably upon this department or its members.

Exhibit No. 7 at Policy No. 320.5.9.

4.       The training provided to Defendants Canaan and Brown exceeds the minimum training prescribed by Oklahoma law. Exhibit No. 9 – Canaan Training Records and Exhibit No. 10 – Brown Training Records.

5.      Officer Canaan believed that dragging someone was a tool to motivate Mr. Kessee to leave. Exhibit No. 3 at pg. 42, ln. 23 to pg. 43, ln. 5.

6.     Officer Brown has never used dragging as a motivation technique. Exhibit No. 11 – October 20, 2020 Deposition of Daniel Brown at pg. 36, lns. 15 to 20.

7.     Dragging someone to motivate them to leave is not part of the Norman Police Department's training.  Exhibit No. 3 at pg. 43, lns. 6 to 9; Exhibit No. 11 at pg. 117, ln. 24 to pg. 118, ln. 7.

**B.     Negligence**

8.     In his Second Amended Petition, Plaintiff alleges the following regarding the conduct of Officers Canaan and Brown:

> 94.     Defendant Canaan, without provocation or justification, forcefully grabbed Kessee by the collar, and began to drag him across the pavement. Defendant Brown assisted Defendant Canaan drag Kessee across the pavement.
>
> *     *     *
>
> 98.     While forcefully dragging Kessee across the pavement, without provocation or justification, Defendant Canaan stated: "We're just dragging him off the property, like a small-child that doesn't want to listen."

Second Amended Petition [Doc. Entry No. 106] at pgs. 20-21.

9.     Defendant Keith Humphrey testified as follows regarding the intentional nature of Officers Canaan and Brown's conduct:

> Q          In your pre-disciplinary conference, you told both of them that they didn't do anything intentional.  But that was intentional, wasn't it?
>
> Ms. Gooch:   Object to the Form.

| | |
|---|---|
| A | I think what I -- what I told them, Mr. Hicks, was I did not believe they did anything to contribute to his -- to his death. |
| Q | You used the exact words "intentional." |
| A | Okay. |
| Q | So would you agree that, in fact, they did to something intentional?  They dragged Mr. Kessee intentionally? |
| A | Yeah, they did. |

Exhibit No. 8 at pg. 110, lns. 8 to 21.

## C.   Medical Care

10.    Norman Police Department Policy No. 429 recognizes that officers often encounter persons in need of medical aid and establishes a law enforcement response to such situations.  Exhibit No. 7 at Policy No. 429.

11.    "If an arrestee appears ill or injured, or claims illness or injury, he/she should be medically cleared prior to booking."  *Id.* at § 429.5.1.

12.    Mr. Kessee was medically cleared to booking.  Exhibit No. 12 – Fit For Incarceration Slip.

13.    The Cleveland County Detention Center provides medical treatment for inmates in its custody.  Second Amended Petition at pg. 6, ¶ 12 ("Defendant Turn Key is a private Oklahoma Limited Liability Company that is independently contracted by Defendant Gibson to provide medical services at the F. Dewayne Beggs Detention Center.")

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c). To dispute a material fact, a party opposing summary judgment must offer more than a mere "scintilla" of evidence; the evidence must be such that "a reasonable jury" could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In reviewing the record, all factual inferences must be drawn in favor of the party opposing summary judgment. *Stover v. Martinez,* 382 F.3d 1064, 1070 (10th Cir. 2004).

## ARGUMENT AND AUTHORITY

### PROPOSITION I

#### THERE IS NO GENUINE ISSUE FOR TRIAL REGARDING PLAINTIFF'S EXCESSIVE FORCE CLAIM.

The U.S. Supreme Court has consistently refused to hold municipalities liable for violations of the U.S. Constitution under a theory of *respondeat superior. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). Instead, in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2027, 56 L. Ed. 2d 611 (1978) and subsequent cases, the Court required a plaintiff seeking to impose liability on a municipality under 42 U.S.C. § 1983 to identify a municipal "policy" or "custom"

that caused the plaintiff's injury.  Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.  *Brown*, 520 U.S. at 403-404, 117 S. Ct. at 1388 (citing *Monell*).  Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.  *Id.* at 404.  Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S. Ct. 2427, 2436, 85 L. Ed. 2d 791 (1985).

For the limited purpose of this Motion only, the City assumes that Officers Canaan and Brown used excessive force against Mr. Kessee.  This assumption does not create a genuine issue for trial because the undisputed facts do not support the existence of an unconstitutional custom, policy, or practice that is permissive of excessive force.  The City's written policy requires that police officers consider the factors federal courts are required to consider when determining whether a constitutional violation has occurred.  Other than the events that gave rise to this action, the summary judgment record is void of any other incident sufficient to demonstrate the existence of an unwritten custom or practice that is permissive of

excessive force.  Officers Brown and Canaan testified that dragging someone to motivate them to leave is not part of the Norman Police Department's training. And finally, the undisputed facts show that Officers Canaan and Brown were disciplined for their interaction with Mr. Kessee.  The totality of these circumstances does not support the existence of an official or unofficial custom, policy, or practice permissive of excessive force.  Consequently, this Court should grant summary judgment in favor of the City on the federal excessive force claim alleged by Plaintiff.[5]

**PROPOSITION II**

**THERE IS NO GENUINE ISSUE FOR TRIAL REGARDING PLAINTIFF'S NEGLIGENCE CLAIM.**

Under Oklahoma law, intentional acts cannot be the basis for a negligence claim.  "Negligence, in its generally accepted meaning, has in it no element of willfulness; but involves a state of mind which is negative; a state of mind in which the person fails to give attention to the character of his acts or omissions or to weigh their probable or possible consequences." *Broom v. Wilson Paving & Excavating, Inc.*, 2015 OK 19, ¶ 32, 356 P.3d 617, 629 (*quoting Kile v. Kile,* 1936 OK 748, 63 P.2d 753).  This means that "[n]egligence excludes the idea of intentional wrong and when 'a person wills to do an injury, he ceases to be

---

[5] The City also adopts and incorporates § B(1) to Defendant Keith Humphrey's Motion for Summary Judgment in response to Count V of Plaintiff's Second Amended Complaint.

negligent.'" *Id.* (quoting *St. Louis & S.F.R. Co. v. Boush,* 1918 OK 367, ¶ 15, 174 P. 1036, 1040).

The undisputed facts regarding Officers Canaan and Brown involve intentional conduct.   Plaintiff's Second Amended Complaint alleges that Defendant Canaan "forcefully grabbed Kessee by the collar, and began to drag him across the pavement."  Second Amended Complaint at pg. 20, ¶ 94.  Plaintiff further alleges that Officer Brown assisted Defendant Canaan drag (sic) across the pavement.  *Id.*  Moreover, during his deposition, Chief Humphrey conceded that Officers Canaan and Brown did something intentional – i.e., they dragged Mr. Kessee.

An intentional tort does not become negligence just by labeling it as such. *Benavidez v. United States*, 177 F.3d 927, 931 (10th Cir. 1999) ("a mere allegation of negligence does not turn an intentional tort into negligent conduct").  The intentional conduct attributed to Officers Canaan and Brown does not become negligence just because Plaintiff labels it as such.  There is no genuine issue for trial regarding Plaintiff's negligence claim against the City, and thus this Court should grant summary judgment in favor of the City on Count VI if Plaintiff's Second Amended Complaint.

## PROPOSITION III

## THERE IS NO GENUINE ISSUE REGARDING PLAINTIFF'S FAILURE TO PROVIDE MEDICAL CARE CLAIM.

Failure to provide medical care under the Fourteenth Amendment's Due Process Clause affords the same degree of protection afforded to convicted inmates under the Eighth Amendment. *Estate of Hocker ex rel. Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994). Deliberate indifference to a prisoner's serious illness or injury states a cause of action under the Eighth Amendment when the indifference is manifested by intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976) (footnote omitted). The constitutional obligation can be met in a variety of ways, including but not limited to access to trained personnel such as nurses. *See, e.g., Watson v. Corr. Corp. of Am.*, 2018 WL 1474895, at *6-8 (E.D. Okla. 2018) (holding that inmate failed to establish an Eighth Amendment violation based on delay in medical care where the record showed that he was immediately examined and treated by prison nursing staff and subsequently "placed in a medical cell for further examination by a doctor later in the day").

The undisputed facts do not support the existence of an unconstitutional custom, policy, or practice of failing to provide medical care to arrestees. The City's written policy requires that arrestees be medically cleared before they are booked into jail. The undisputed facts in this case show that Officers Canaan and Brown

complied with this policy.  Moreover, the undisputed facts show that Officer Brown delivered Mr. Kessee to a facility with a jail nurse, who was more qualified than an average layperson to recognize Mr. Kessee medical need.  *See* Humphrey Motion for Summary Judgment at Exhibit No. 14 (expert testimony of Michael Jobin, M.D.).  Seeking and obtaining a fit for incarceration slip and delivering Mr. Kessee to a facility with a jail nurse is the antithesis of an alleged policy of failing to provide medical care to arrestees.  Because Officers Canaan and Brown did not fail to provide Mr. Kessee with medical care and because there is no evidence of an unconstitutional custom, policy, or practice of failing to provide medical care to arrestees maintained by the City, there is no genuine issue for trial and summary judgment should be granted in favor of the City.[6]

## **CONCLUSION**

The City is entitled to summary judgment on Counts V, VI, and IX of Plaintiff's Second Amended Complaint because there is no genuine issue regarding these Counts and the City is entitled to judgment as a matter of law.  The only claim remaining against the City is Count VII for assault and battery.  *See* Plaintiff's

---

[6] The City also adopts and incorporates § B(2) to Defendant Keith Humphrey's Motion for Summary Judgment in response to Count IX of Plaintiff's Second Amended Complaint.

If summary judgment is granted in favor of Chief Humphrey, Officer Brown, or Officer Canaan because they did not violate Mr. Kessee's constitutional rights, summary judgment should also be granted in favor of the City.  See *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573, 89 L. Ed.2d 806 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.").

Second Amended Complaint at 53.  City liability on this Count depends on whether the general rule applies – i.e., it is not within the scope of an employee's employment to commit an assault upon a third person – or whether the exception applies – i.e., the general rule does not apply when the act is one which is "fairly and naturally incident to the business," and is done "while the servant was engaged upon the master's business and be done, although mistakenly or ill advisedly, with a view to further the master's interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business." *See Rodebush By & Through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, ¶ 12, 867 P.2d 1241, 1245.

It is anticipated that Officers Canaan and Brown will argue that they were acting within the scope of their employment.  The only evidence the City is aware of on this issue is the deposition testimony of Officer Brown.  *See* Exhibit 11 at pg. 122, lns. 2-5 (testifying that his interactions with Mr. Kessee were within the scope of his employment).  Should this Court determine that Officers Canaan and Brown were within the scope of their employment, Plaintiff's assault and battery claim against the Officers should be dismissed and his claim against the City should proceed.  Should this Court determine that Officers Canaan and Brown were not acting within the scope of their employment, Plaintiff's assault and battery claim against the City should be dismissed and his claim against the individuals should proceed.

**WHEREFORE** the above and foregoing, the City respectfully request that this Court grant summary judgment in favor of the City and award it all other relief deemed just and equitable.

Respectfully submitted,

CITY OF NORMAN, OKLAHOMA
KATHRYN WALKER, CITY ATTORNEY

by: _____*s/ Rickey J. Knighton II*_____
        Rickey J. Knighton II, OBA No. 17257
        Assistant City Attorney
        Jeanne Snider, OBA No. 19223
        Assistant City Attorney
        Anthony Purinton, OBA No. 34276
        Assistant City Attorney
        P.O. Box 370
        Norman, Oklahoma 73070
        Telephone:  (405) 217-7700
        Facsimile:  (405) 366-5425
        Email:  rick.knighton@normanok.gov
        Email:  Jeanne.snider@normanok.gov
        Email:  anthony.purinton@normanok.gov

*Attorneys for City of Norman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2021, I electronically transmitted the above and foregoing Motion for Summary Judgment to the Clerk of Court using the ECF System for filing and the following registrants:  Chris Hammons, Jason Hicks, Jonathan Ortwein, Austin Young, Sean P. Snider, Robert S. Lafferrandre, Jessica Dark, Randall Wood, Brandon Whitworth, Emily Ludiker, David Russell, and Ambre Gooch, Colby Addison, and Anthony Winter.

*s/ Rickey J. Knighton II*

## **INDEX OF EXHIBITS**

**No.**                          **Description**

1.  Norman Regional Hospital Medical Record from January 16, 2018, at 5:36 p.m. – Canaan Exhibit No. 1

2.  Body Camera Video

3.  October 20, 2020, Deposition of Kyle Canaan

4.  *City v. Kessee*, NPD Case No. 2018-3868

5.  Norman Regional Hospital Medical Record from January 16, 2018 at 10:26 pm – Canaan Exhibit No. 23

6.  Report of Investigation by Medical Examiner for Marconia Lyn Kessee - Canaan Exhibit No. 24

7.  Norman Police Department Policy

8.  December 21, 2020, Deposition of Keith L. Humphrey

9.  Canaan Training Records

10. Brown Training Records

11. October 20, 2020 Deposition of Daniel Brown

12. Fit For Incarceration Slip