**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PATRICIA THOMPSON, as Personal Representative of the Estate of MARCONIA LYNN KESSEE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-19-113-SLP |
| NORMAN REGIONAL HOSPITAL AUTHORITY d/b/a NORMAN REGIONAL HOSPITAL, a public trust, et al., | ) | |
| Defendants. | ) | |

**SWORN DECLARATION OF KYLE KELLER**

COMES NOW Kyle Keller, and under penalty of perjury states as follows:

1. My name is Kyle Keller.

2. I am over the age of eighteen.

3. I have read and am familiar with the allegations raised in the above-captioned lawsuit.

4. I began employment with Cleveland County in June 2011. In 2012, I was made a Training Coordinator at the Cleveland County Detention Center. As part of my responsibilities, I trained detention officers on sight checks and what to observe when performing them.

5. My training on sight checks included explicit instructions for officers to observe signs of life. Signs of life include breathing and associated motions, including the rise and fall of the chest, movement of limbs, torso, head or neck, and observation of other outward signs of physical or mental distress, such as obvious wounds or injuries or concerning inmate conduct.

6. In my role as Training Coordinator, I recall providing training to various CCDC detention officers, including Zackery Andrews, Cody Barr, and Stacey Shifflett. This training includes, but is not limited to, that described in Paragraph 5 relating to sight checks. As the officer in charge of these officers' training, I did not observe any

EXHIBIT 38

deficiencies or issues regarding their training on CCDC practices and policies, including the placement of inmates in cells, the classification of inmates as under critical observation, or the conduction of sight checks.

7. In my role as Training Coordinator, I was familiar with various employees of Turn Key Health Clinics, including Nurse Clayton Rickert. Prior to and up to the time of the subject incident of the above-captioned case, I was not aware of any problems or issues with Nurse Rickert's training, education, or competence.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of July, 2021.

Kyle Keller



EXHIBIT 38