# American Academy of Psychiatry and the Law

## Ethics Guidelines for the Practice of Forensic Psychiatry

**Adopted May, 2005**

**I. Preamble**

The American Academy of Psychiatry and the Law (AAPL) is dedicated to the highest standards of practice in forensic psychiatry. Recognizing the unique aspects of this practice, which is at the interface of the professions of psychiatry and the law, the Academy presents these guidelines for the ethical practice of forensic psychiatry.

**Commentary**

Forensic Psychiatry is a subspecialty of psychiatry in which scientific and clinical expertise is applied in legal contexts involving civil, criminal, correctional, regulatory or legislative matters, and in specialized clinical consultations in areas such as risk assessment or employment. These guidelines apply to psychiatrists practicing in a forensic role.
These guidelines supplement the Annotations Especially Applicable to Psychiatry of the American Psychiatric Association to the Principles of Medical Ethics of the American Medical Association.
Forensic psychiatrists practice at the interface of law and psychiatry, each of which has developed its own institutions, policies, procedures, values, and vocabulary. As a consequence, the practice of forensic psychiatry entails inherent potentials for complications, conflicts, misunderstandings and abuses.
Psychiatrists in a forensic role are called upon to practice in a manner that balances competing duties to the individual and to society. In doing so, they should be bound by underlying ethical principles of respect for persons, honesty, justice, and social responsibility. However, when a treatment relationship exists, such as in correctional settings, the usual physician-patient duties apply.

**II. Confidentiality**

Respect for the individual's right of privacy and the maintenance of confidentiality should be major concerns when performing forensic evaluations. Psychiatrists should maintain confidentiality to the extent possible, given the legal context. Special attention should be paid to the evaluee's understanding of medical confidentiality. A forensic evaluation requires notice to the evaluee and to collateral sources of reasonably anticipated limitations on confidentiality. Information or reports derived from a forensic evaluation are subject to the rules of confidentiality that apply to the particular evaluation, and any disclosure should be restricted accordingly.

**Commentary**

The practice of forensic psychiatry often presents significant problems regarding confidentiality. Psychiatrists should be aware of and alert to those issues of privacy and confidentiality presented

EXHIBIT 3

by the particular forensic situation. Notice of reasonably anticipated limitations to confidentiality should be given to evaluees, third parties, and other appropriate individuals. Psychiatrists should indicate for whom they are conducting the examination and what they will do with the information obtained. At the beginning of a forensic evaluation, care should be taken to explicitly inform the evaluee that the psychiatrist is not the evaluee's "doctor." Psychiatrists have a continuing obligation to be sensitive to the fact that although a warning has been given, the evaluee may develop the belief that there is a treatment relationship. Psychiatrists should take precautions to ensure that they do not release confidential information to unauthorized persons. When a patient is involved in parole, probation, conditional release, or in other custodial or mandatory settings, psychiatrists should be clear about limitations on confidentiality in the treatment relationship and ensure that these limitations are communicated to the patient. Psychiatrists should be familiar with the institutional policies regarding confidentiality. When no policy exists, psychiatrists should attempt to clarify these matters with the institutional authorities and develop working guidelines.

**III. Consent**

At the outset of a face-to-face evaluation, notice should be given to the evaluee of the nature and purpose of the evaluation and the limits of its confidentiality. The informed consent of the person undergoing the forensic evaluation should be obtained when necessary and feasible. If the evaluee is not competent to give consent, the evaluator should follow the appropriate laws of the jurisdiction.

**Commentary**

Informed consent is one of the core values of the ethical practice of medicine and psychiatry. It reflects respect for the person, a fundamental principle in the practices of psychiatry and forensic psychiatry.
It is important to appreciate that in particular situations, such as court-ordered evaluations for competency to stand trial or involuntary commitment, neither assent nor informed consent is required. In such cases, psychiatrists should inform the evaluee that if the evaluee refuses to participate in the evaluation, this fact may be included in any report or testimony. If the evaluee does not appear capable of understanding the information provided regarding the evaluation, this impression should also be included in any report and, when feasible, in testimony.
Absent a court order, psychiatrists should not perform forensic evaluations for the prosecution or the government on persons who have not consulted with legal counsel when such persons are: known to be charged with criminal acts; under investigation for criminal or quasi-criminal conduct; held in government custody or detention; or being interrogated for criminal or quasi-criminal conduct, hostile acts against a government, or immigration violations. Examinations related to rendering medical care or treatment, such as evaluations for civil commitment or risk assessments for management or discharge planning, are not precluded by these restrictions. As is true for any physician, psychiatrists practicing in a forensic role should not participate in torture. Consent to treatment in a jail or prison or in other criminal justice settings is different from consent for a forensic evaluation. Psychiatrists providing treatment in such settings should be familiar with the jurisdiction's regulations governing patients' rights regarding treatment.

**IV. Honesty and Striving for Objectivity**

When psychiatrists function as experts within the legal process, they should adhere to the principle of honesty and should strive for objectivity. Although they may be retained by one party to a civil or criminal matter, psychiatrists should adhere to these principles when conducting evaluations, applying clinical data to legal criteria, and expressing opinions.

**Commentary**

The adversarial nature of most legal processes presents special hazards for the practice of forensic psychiatry. Being retained by one side in a civil or criminal matter exposes psychiatrists to the potential for unintended bias and the danger of distortion of their opinion. It is the responsibility of psychiatrists to minimize such hazards by acting in an honest manner and striving to reach an objective opinion.

Psychiatrists practicing in a forensic role enhance the honesty and objectivity of their work by basing their forensic opinions, forensic reports and forensic testimony on all available data. They communicate the honesty of their work, efforts to attain objectivity, and the soundness of their clinical opinion, by distinguishing, to the extent possible, between verified and unverified information as well as among clinical "facts," "inferences," and "impressions."Psychiatrists should not distort their opinion in the service of the retaining party. Honesty, objectivity and the adequacy of the clinical evaluation may be called into question when an expert opinion is offered without a personal examination. For certain evaluations (such as record reviews for malpractice cases), a personal examination is not required. In all other forensic evaluations, if, after appropriate effort, it is not feasible to conduct a personal examination, an opinion may nonetheless be rendered on the basis of other information. Under these circumstances, it is the responsibility of psychiatrists to make earnest efforts to ensure that their statements, opinions and any reports or testimony based on those opinions, clearly state that there was no personal examination and note any resulting limitations to their opinions.

In custody cases, honesty and objectivity require that all parties be interviewed, if possible, before an opinion is rendered. When this is not possible, or is not done for any reason, this should be clearly indicated in the forensic psychiatrist's report and testimony. If one parent has not been interviewed, even after deliberate effort, it may be inappropriate to comment on that parent's fitness as a parent. Any comments on the fitness of a parent who has not been interviewed should be qualified and the data for the opinion clearly indicated.

Contingency fees undermine honesty and efforts to attain objectivity and should not be accepted. Retainer fees, however, do not create the same problems in regard to honesty and efforts to attain objectivity and, therefore, may be accepted.

Psychiatrists who take on a forensic role for patients they are treating may adversely affect the therapeutic relationship with them. Forensic evaluations usually require interviewing corroborative sources, exposing information to public scrutiny, or subjecting evaluees and the treatment itself to potentially damaging cross-examination. The forensic evaluation and the credibility of the practitioner may also be undermined by conflicts inherent in the differing clinical and forensic roles. Treating psychiatrists should therefore generally avoid acting as an expert witness for their patients or performing evaluations of their patients for legal purposes. Treating psychiatrists appearing as "fact" witnesses should be sensitive to the unnecessary disclosure of private information or the possible misinterpretation of testimony as "expert" opinion. In situations when the dual role is required or unavoidable (such as Workers' Compensation, disability evaluations, civil commitment, or guardianship hearings), sensitivity to differences between clinical and legal obligations remains important.

When requirements of geography or related constraints dictate the conduct of a forensic evaluation by the treating psychiatrist, the dual role may also be unavoidable; otherwise, referral to another evaluator is preferable.

### V. Qualifications

Expertise in the practice of forensic psychiatry should be claimed only in areas of actual knowledge, skills, training, and experience.

**Commentary**

When providing expert opinion, reports, and testimony, psychiatrists should present their qualifications accurately and precisely. As a correlate of the principle that expertise may be appropriately claimed only in areas of actual knowledge, skill, training and experience, there are areas of special expertise, such as the evaluation of children, persons of foreign cultures, or prisoners, that may require special training or expertise.

### VI. Procedures for Handling Complaints of Unethical Conduct

The American Academy of Psychiatry and the Law does not adjudicate complaints that allege unethical conduct by its members or nonmembers. If received, such complaints will be returned to the complainant for referral to the local district branch of the American Psychiatric Association (APA), the state licensing board, and/or the appropriate national psychiatric organization of foreign members. If the APA or the psychiatric association of another country expels or suspends a member, AAPL will also expel or suspend that member upon notification of such action. AAPL will not necessarily follow the APA or other organizations in other sanctions.

**Commentary**

General questions regarding ethical practice in forensic psychiatry are welcomed by the Academy and should be submitted to the Ethics Committee.
The Committee may issue opinions on general or hypothetical questions but will not issue opinions on the ethical conduct of specific forensic psychiatrists or about actual cases.
The Academy, through its Ethics Committee, or in any other way suitable, is available to the local or national committees on ethics of the American Psychiatric Association, to state licensing boards or to ethics committees of psychiatric organizations in other countries to aid them in their adjudication of complaints of unethical conduct or the development of guidelines of ethical conduct as they relate to forensic psychiatric issues.