1. *Waddell v. Cleveland County*, U.S. District Court for the Western District of Oklahoma, Case No. 5:11-cv -1037 (as ESW Correctional Healthcare) - Lacee Danielle Marez was detained at the Cleveland County Jail in 2009. ESW Correctional Healthcare, now Turn Key Health Clinics, LLC, was the jail medical provider at the time. Marez, then 21, was taken into custody for missing a court appearance and allegedly struck her head on a concrete floor during a struggle with jail staff, causing a traumatic brain injury. Left in a holding cell for three days, Marez went into a coma and also suffered a heart attack, leading her to live in a permanent vegetative state. Marez repeatedly asked for medical treatment over a period of several days. She began vomiting, urinating on herself, and laying lethargic on her cell bed. A critical care physician at Norman Regional Hospital wrote in a report filed with the court that jail medical staff neglected to treat Marez after a head injury. "Lack of medical care during this time indicates either direct disregard or inadequate recognition of this woman's progressive and ultimately nearly fatal illness," the doctor wrote.

2. *Pruett v. Cleveland County*, U.S. District Court for the Western District of Oklahoma, Case No. 5:12-cv-947 (as ESW Correctional Healthcare) - In 2011, when Turn Key was known as ESW Correctional Healthcare, Curtis Gene Pruett, 36, died in a holding cell in October 2011 after jail staff allegedly ignored his repeated pleas for emergency medical attention. Pruett was booked into the jail after police arrested him on suspicion of public intoxication. Pruett told jail staff that he had high blood pressure and that he was in severe pain, but they ignored

EXHIBIT 43

his requests. Surveillance video showed Pruett doubled over and clutching his chest at the jail, but an ESW nurse told him he was faking his condition. Pruett died of a heart attack, according to a medical examiner's report.

3. *Autry v. Cleveland County Sheriff's Department*, U.S. District Court for the Western District of Oklahoma, Case No. 15-CV-1167-D, wherein Turn Key was alleged to have been deliberately indifferent by allowing a sinus infection to remain untreated until it caused a brain infection leading to multiple emergency brain surgeries. Ultimately, the plaintiff was alleged to have been in a permanently incapacitated state as a result of his known, yet untreated condition.

4. *Jordanoff v. Turn Key Health,* et al., U.S. District Court for the Western District of Oklahoma, Case No. CIV-15-940-HE, wherein Turn Key was alleged to violate "HIPAA," in which Turn Key employees coerced Jordanoff, a detainee at Cleveland County Jail, into signing a release of "sensitive documents" directly related to Plaintiff's ongoing criminal legal proceedings in which Plaintiff claims he was not in his right mind to consent due to the medications he was under and in which he also expressed his wish for the medical staff to contact his attorney before he signed the release, but was pressured into signing the release instead. Turn Key was also alleged to have neglected Plaintiff's medical needs in which they denied to schedule a psychological appointment with a doctor for Plaintiff for over two months, in order for Plaintiff to regulate his medication.

5. *Mayfield v. Briann*, U.S. District Court for the Eastern District of Arkansas, Case No. 16-cv-736-SWW, wherein Turn Key was alleged to have been deliberately indifferent to an inmate's severe dental needs.

6. *Moore v. Briann*, U.S. District Court for the Eastern District of Arkansas, Case No. 17-cv-115-BRW, wherein Turn Key was alleged to have ignored an inmates' worsening hip pain and disfunction for eleven months, leading to difficulty walking and constant severe pain.

7. *Wedsted v. Lowerily*, U.S. District Court for the Eastern District of Arkansas, Case No. 17-cv-263-BSM, wherein Turn Key was alleged to have been deliberately indifferent to an inmate's severe dental needs.

8. *Sawyers v. Edwards,* et al., U.S. District Court for the Western District of Oklahoma, Case No. CIV-17-52-HE, wherein Turn Key was alleged to have been deliberately indifferent to the serious medical needs of Sawyers, a plaintiff whom had underwent emergency back surgery after an auto accident who had been transported to the Canadian County Detention Center. The Turn Key staff received the medical records including Plaintiff's prescriptions and was also informed of the required two-week follow-up appointment, but failed to correctly administer Plaintiff's medications and failed to take Plaintiff to the required two-week follow-up appointment—which resulted in Plaintiff removing his own original dressing from surgery after five weeks. Plaintiff filed multiple requests for grievances and after two transfers saw his doctor for the follow-up visit eighty-nine days after surgery.

9. *Sam v. Virden,* et al., U.S. District Court for the Northern District of Oklahoma, Case No. 17-cv-415-TCK-FHM, wherein Turn Key was alleged to have been deliberately indifferent to the medical needs of Sam, a detainee at Osage County Jail, who shattered his patella. Turn Key staff only provided ibuprofen and a medical request form to Sam two days later. After being detained at the Osage County Jail, Sam shattered his patella in a jail cell and then he was placed in isolation in order for the jail staff to "keep an eye on him." Three days later he received an x-ray and received no medical attention for ten days in which then only receives a knee brace. This was proceeded by another sixteen days of no medical attention, which resulted in the transfer of custody and led to an ultimate knee surgery.

10. *Smith v. Board of County Commissioners of Muskogee County*, U.S. District Court for the Eastern District of Oklahoma, Case no. 17-CV-90-KEW, wherein Turn Key was alleged to have been deliberately indifferent to the medical needs of Smith, a cancer patient who had prostate cancer that had metastasized to his spine and pelvic bone causing him to undergo intensive and aggressive radiation and other treatments. After being detained at the Muskogee County Jail, Smith developed symptoms such as severe pain in his back and chest, numbness and a frost-bite feeling in his chest that spread down to his feet, ultimately turning into numbness and permanent paralysis. Despite the obvious symptoms of severe medical distress, Turn Key failed and refused to provide adequate medical care or

transport Smith to a hospital. Only upon bonding out of the jail did Smith receive adequate treatment; however, his paralysis was permanent.

11. *Foutch v. Turn Key Health, LLC*, U.S. District Court for the Northern District of Oklahoma, Case No. 17-cv-431-GKF-mjx, wherein Turn Key was alleged to have failed and refused to provide access to a physician for Foutch and failed and refused to place him under medical observation despite shortness of breath, difficulty breathing, and coughing up blood. Turn Key was further alleged to have failed to provide Foutch with the prescribed number of breathing treatments from an examining physician, and to have failed to provide any medical care as Foutch's condition obviously worsened over several days until Foutch was found unresponsive in his cell after foaming at the mouth and coughing up blood. Foutch was pronounced dead 2 minutes after arrival at a hospital.

12. *Sanders v. Creek County Board of County Commissioners,* U.S. District Court for the Northern District of Oklahoma, Case No. 17-cv-492-JHP-FHM, wherein Turn Key was alleged to have ignored and failed to provide medical care to decedent Sanders despite noting that she had been suffering from diarrhea and her mental state had been rapidly declining for two to three weeks. Turn Key failed to seek appropriate medical care for Sanders until the 35th day after she entered the Creek County Jail, when they transported her to the hospital fully incapacitated and on the brink of death. At the hospital, Sanders was diagnosed with severe sepsis with shock, acute hypoxic respiratory failure, acute kidney injury, hepatopathy, and other serious conditions. Sanders died the day after arrival at the hospital.

13. *Allen v. Maruf,* et al., U.S. District Court for the Eastern District of Arkansas, Case No. 4:17-cv-00863-SWW-JTR, wherein Turn Key was alleged to have refused to provide Allen, a jail detainee in Pulaski County Regional Detention Center, with medications that he had took since February of 2017 for degenerative bones, knee problems, disc problems, and also to keep the Plaintiff's arms, hands, legs, and feet from going numb that was prescribed by the Plaintiff's Doctor at the VA Hospital. Turn Key also denied the approval of a walking cane to prevent the plaintiff from falling.

14. *Davis v. Canadian County Board of County Commissioners*, U.S. District Court for the Western District of Oklahoma, Case No. 17-CV-807-SLP, wherein Turn Key was alleged to have been deliberately indifferent to the behaviors that clearly and unambiguously showed the inmate was suffering from severe and acute mental and physical distress, including screaming and shouting, seizures and defecating in his cell. On the date of his death, the inmate was allegedly found lying naked on the floor, unresponsive, suffering from observable external injuries and covered in human feces.

15. *Williams v. Cleveland County Board of County Commissioners*, U.S. District Court for the Western District of Oklahoma, Case No. 17-CV-1051-C, wherein the inmate was arrested after being found dancing in the streets and hallucinating. The inmate was then allegedly hooded and restrained in a chair for an unknown amount of time. The officers allegedly used force on the inmate which caused him to exhibit

symptoms of excited delirium. As a result of Turn Key's alleged deliberate indifference to the inmate's serious medical needs, the inmate died of cardiac arrest.

16. *Ellis v. Brown*, et al., U.S. District Court for the Eastern District of Arkansas, Case No. 4:17-cv-545, wherein Turn Key was alleged to have denied medications for the plaintiff's diagnosed neuropathy, instead only providing medication for heartburn based on the Turn Key nurse's statements that she knew that was all the plaintiff's condition was.

17. *Yancy v. Turn Key Health*, et al., U.S. District Court for the Eastern District of Arkansas, Case No. 4:17-cv-455, wherein Turn Key was alleged to have denied access to appropriate medical care with existing medical condition involving internal bleeding despite obvious signs of medical need including significant amount of blood in stool causing the plaintiff prolonged pain from his conditions.

18. *Alexander v. Pulaski County, Arkansas*, U.S. District Court for the Eastern District of Arkansas, Case No. 18-cv-0046-BSM, wherein the inmate was alleged to have been 100% disabled, and suffered sickle cell anemia, asthma, and rheumatoid arthritis, conditions which were alleged to have been disclosed to Turn Key. The inmate was alleged to have been cold, shaking and had been throwing up. Turn Key's nurse was alleged to have disregarded calls for medical help by the inmate and deputies, including denying plaintiff her "asthma pump." On December 14, 2016, allegedly as a result of Turn Key's deliberate indifference to the inmate's medical needs, the inmate began convulsing and having difficulty breathing. The inmate died as a result.

19. *McDonald v. Carpenter*, U.S. District Court for the Eastern District of Arkansas, Case No. 18-cv-172-SWW, wherein Turn Key was alleged to have been deliberately indifferent to an inmate's anxiety medication needs, leading to elevated anxiety and an attempted suicide.

20. *Royston v. Board of County Commissioners of the County of Bryan*, U.S. District Court for the Eastern District of Oklahoma, Case No. 18-CV-265-RAW, wherein Turn Key was alleged to have failed to provide 24-hour access to a physician or midlevel provider for the Bryan County jail, failed to conduct a medical intake screening, failed to provide any care from a mental health provider, physician, midlevel provider, or a registered nurse despite obvious signs of medical distress, and failed to provide medical care after Royston hit her head against a concrete wall and despite obvious signs of injury all over Royston's body. Royston ultimately fell into a coma for several days.

21. *Bowen v. Ring*, U.S. District Court for the Eastern District of Arkansas, Case No. 18-cv-172-SWW, wherein plaintiff alleged he was severely beaten by an officer during his arrest. At the jail, Turn Key was alleged to have been deliberately indifferent to obvious signs of severe brain injury and to have delayed medical care which was alleged to have resulted in permanent brain damage. Turn Key was alleged to have poorly trained and equipped its LPN to deal with critical, but predictable medical emergencies, commonly encountered in a jail setting.

22. *Thompson v. Turn Key Health Clinics, LLC*, U.S. District Court for the Western District of Arkansas, Case No. 18-cv-5092-PKH, wherein Turn Key was alleged to

have refused to administer plaintiff's prescription medications and refused to treat plaintiff's broken bones.

23. *Buchanan v. Turn Key Health Clinics, LLC,* U.S. District Court for the Eastern District of Oklahoma, Case No. 18-CV-171-RAW, wherein Turn Key was alleged to have failed and refused to provide medical observation, evaluation or access to medical care despite Buchanan's paralysis in his left arm beginning the day after his arrival at the Muskogee County Detention Center. Four days later Buchanan developed paralysis in his right arm. Despite these obvious signs of medical distress, Turn Key did not move him to medical observation, schedule an appointment with a physician, or even check his vitals. Turn Key was alleged to essentially have provided no care to Buchanan even days later when Buchanan suffered paralysis of both legs as well. Turn Key medical staff was alleged to have failed and refuse to provide appropriate and immediate medical assistance when a Turn Key nurse finally evaluated Buchanan and noted his paralysis. Nine hours after that evaluation, another Turn Key nurse evaluated Buchanan and finally sent him to the hospital where he was diagnosed with quadriplegia and a cervical epidural abscess. Buchanan suffered permanent injury and paralysis as a result of Turn Key's failures.

24. *Graham v. Garfield County Detention Center*, U.S. District Court for the Western District of Oklahoma, Case No. 18-CV-634-SLP, wherein Turn Key was alleged to have failed to conduct an initial health assessment and the inmate was booked without prescribed medications for heart disease, hypertension, coronary artery

disease and depression. As a result, the inmate started experiencing hallucinations and exhibiting delusions. Instead of appropriate medical treatment, the inmate was placed in a restraint chair where he remained until his death two days later.

25. *Avery v. Turn Key Health Clinics, LLC*, U.S. District Court for the Western District of Arkansas, Case No. 18-cv-5075-PKH, wherein Turn Key was alleged to have been deliberately indifferent to an inmate's severe dental needs.

26. *Sanders v. Gifford, et al.*, U.S. District Court for the Eastern District of Arkansas, Case No. 4:18-cv-712, wherein Turn Key was alleged to have repeatedly given Sanders another inmate's medication, resulting in seizures, vomiting, and pain to the Plaintiff.

27. *Nabors v. Humphrey, et al.*, U.S. District Court for the Eastern District of Arkansas, Case No. 4:18-cv-664, wherein Turn Key was alleged to have given inmate wrong amount of seizure medication, resulting in seizures and a busted lip. Inmate was ultimately taken to hospital twice, and had physical therapy prescription for trouble walking. Turn Key was alleged to have only provided a cane with no physical therapy.

28. *Lee v. Holladay*, U.S. District Court for the Eastern District of Arkansas, Case No. 19-cv-178-LPR, wherein Turn Key was alleged to have caused the death of an inmate with a known seizure disorder by failing to provide the inmate's prescription anti-seizure medication, improperly medicating the inmate with a anti-psychotic medication and then allowing the inmate to be placed in a restraint chair with a spit mask after he had been pepper sprayed, all in deliberate

disregard of the inmate's obvious medical conditions. The inmate went into cardiac arrest and died.

29. *Price v. Holladay*, U.S. District Court for the Eastern District of Arkansas, Case No. 19-cv-178-LPR, wherein Turn Key was alleged to have caused the death of an inmate with a known seizure disorder by failing to provide the inmate's prescription anti-seizure medication, improperly medicating the inmate with a anti-psychotic medication and then allowing the inmate to be placed in a restraint chair with a spit mask after he had been pepper sprayed, all in deliberate disregard of the inmate's obvious medical conditions. The inmate went into cardiac arrest and died.

30. *Davis v. Pulaski County, Arkansas*, U.S. District Court for the Eastern District of Arkansas, Case No. 19-cv-643-JM, wherein Turn Key was alleged to have deliberately disregarded plaintiff's severe medical condition by failing to provide plaintiff with necessary insulin causing a significant drop in plaintiff's blood sugar which caused plaintiff injuries, including a broken ankle which had to be surgically repaired with hardware.

31. *Thompson v. Board of County Commissioners for Cleveland County,* U.S. District Court for the Western District of Oklahoma, Case No. 5:19-cv-113-SLP, wherein Turn Key was alleged to have been deliberately indifferent to the serious medical needs of an inmate who was brought in by police officers, allegedly sweating profusely, unable to speak or walk, with elevated blood pressure and pulse and

delusional after overdosing on his prescribed medications and methamphetamine. The inmate died hours later from cardiac arrest.

32. *Causey v. Pulaski County Medical, et al.*, U.S. District Court for the Eastern District of Arkansas, Case No. 4:19-cv-305, wherein Turn Key was alleged to have denied proper prescribed pain medications to partially paralyzed inmate with multiple injuries and chronic conditions. Turn Key was alleged to have failed to provide corrective footwear for inmate with injury to left foot, resulting in a fall and his left foot healing improperly.

33. *Winningham v. Roberts, et al.*, U.S. District Court for the Eastern District of Arkansas, Case No. 4:19-cv-706, wherein Turn Key was alleged to have failed to provide treatment to inmate reporting a separated shoulder joint and/or broken clavicle after falling out of bunk bed.

34. *Bowlds v. Turn Key Health*, et al., U.S. District Court for the Western District of Oklahoma, Case No. CIV-19-726-SLP, wherein Turn Key was alleged to have been deliberately indifferent to the medical needs of Bowlds, a pretrial detainee at the Logan County Detention Center, when they refused to allow him access to the dentist—which resulted in acute pain. Bowlds experienced an extreme headache which lasted twenty-four hours due to a chipped tooth which allegedly left an exposed nerve. Turn Key only gave Bowlds the option to complete several treatments of medication prior to even being considered to see a dentist—which can take up to ninety days, unless Bowlds paid for the dentist visit with his own money, which he did not have the means to do. Turn Key was also alleged to have

violated the 8th Amendment ban against cruel and unusual punishment and the 14th Amendment of the U.S. Constitution.