IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRITTANY REID, as personal )
   representative of the ESTATE OF )
MARCONIA LYNN KESSEE, )
                                             )
                Plaintiff, )
                                             )
v. )   Case No. CIV-19-113-SLP
                                             )
NORMAN REGIONAL HOSPITAL )
   AUTHORITY d/b/a NORMAN )
REGIONAL HOSPITAL, et al., )
                                             )
                Defendants. )

**O R D E R**

Before the Court is the Motion for Relief [Doc. No. 398] filed by Patricia Thompson, the former personal representative of the Estate of Marconia Lynn Kessee ("the Estate"). Ms. Thompson, appearing pro se, seeks relief from the Court's July 7, 2022 Order [Doc. No. 397] substituting Brittany Reid as plaintiff following Ms. Reid's appointment as administratrix of the Estate.[1] Ms. Reid responded to Ms. Thompson's Motion, *see* Pl.'s Resp. [Doc. No. 399], and Ms. Thompson filed a notice in reply, *see* Thompson Notice [Doc. No. 400].

In her motion, Ms. Thompson argues that the law firm of Laird Hammons Laird impermissibly filed the motion to substitute after Ms. Thompson terminated her relationship with the firm. *See* Thompson Mot. [Doc. No. 398] at 2. In her notice, Ms.

---

[1] Following the Court's Order on the Motion to Substitute [Doc. No. 397], Ms. Thompson is no longer a party to this action.

Thompson further argues that she did not receive notice of a hearing pursuant to Federal Rule of Civil Procedure 25(a)(3) in violation of her due process rights.[2] *See* Thompson Notice [Doc. No. 400].

### A. Conflict of Interest

The thrust of Ms. Thompson's motion is that she did not know about or consent to the motion to substitute, which Laird Hammons Laird filed *after* she fired the firm. Ms. Thompson claims the law firm "br[oke] attorney-client privilege, conflict of interest [sic], and betray[ed] their client's trust," by filing the motion to substitute "behind the back of Patricia Thompson." Thompson Mot. [Doc. No. 398] at 3. But the relief Ms. Thompson seeks—for this Court to reinstate her as Plaintiff—is unrelated to these allegations. Even if a conflict of interest existed,[3] the proper remedy would be disqualification of Laird Hammons Laird. Ms. Reid would be ordered to retain different counsel, but she would remain as plaintiff in the action. Ms. Thompson's motion is therefore DENIED.

---

[2] This argument is not properly before the Court, as Ms. Thompson did not raise it in her motion. *See In re Samsung Top-Load Washing Mach. Mktg., Sales Practices and Prod. Liab. Litig.*, *In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 17-ML-2792-D, 2018 WL 3676971, at *6 (W.D. Okla. Aug. 2, 2018) ("The rule in the Tenth Circuit is clear: '[a]n issue or argument insufficiently raised in a party's opening brief is deemed waived.'") (quoting *SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009)). Since Ms. Thompson's reply, styled as a Notice, alleges the Court's actions violated her constitutional rights, the Court addresses these arguments below.

[3] Ms. Thompson, as former personal representative, has not articulated how Ms. Reid's interests in pursuing the Estate's claims are materially adverse to her own. *See* Okla. R. Pro. Conduct 1.9. To be sure, Laird Hammons Laird could not have represented Ms. Reid in the probate matter, where she petitioned to have Ms. Thompson removed as personal representative. In this action, however, Ms. Reid stepped into Ms. Thompson's shoes as personal representative of the Estate. Ms. Thompson has no independent claims and is not a beneficiary to the Estate. The Court does not believe Laird Hammons Laird's subsequent representation of Ms. Reid presents a conflict of interest.

### B. Rule 25 Substitution

Rule 25(c) permits substitution if a party's interest is transferred. This substitution "does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case[.]" *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71–72 (3d Cir. 1993). Substantively, Ms. Reid is the proper plaintiff. A claim pursued under 42 U.S.C. § 1983 should be "brought by the estate of the deceased victim." *Berry v. City of Muskogee*, 900 F.2d 1489, 1506–07 (10th Cir. 1990). In Oklahoma, a personal representative is the proper party to bring a claim on behalf of an estate. *See In re Est. of Bleeker*, 168 P.3d 774, 779 (Okla. 2007). Oklahoma's statutory definition of personal representative "includes a successor personal representative appointed to succeed a previously appointed personal representative." Okla. Stat. tit. 58, § 11. When the probate court revoked Ms. Thompson's letters of administration and issued letters of administration to Ms. Reid, therefore, Ms. Reid became the proper party to litigate the Estate's § 1983 claims. *See In re Est. of Marconia Lynn Kessee*, Case No. PB-2018-564 (Okla. Cnty. June 16, 2022).[4]

Procedurally, the Court has discretion to substitute Ms. Reid as the successor personal representative in this action. *See Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978) ("Substitution of a successor in interest . . . under Rule 25(c) is generally

---

[4] The Court has discretion to take judicial notice of filings in the probate court. *See United States v. Pursley*, 577 F.3d 1204, 1214 (10th Cir. 2009) (recognizing discretion "to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand" (quotation omitted)).

3

within the sound discretion of the trial court.") (quotation omitted).[5]  Here, substitution of Ms. Reid is proper because Ms. Thompson's presence in the litigation was *solely* in her representative capacity—a role she no longer occupies.  Ms. Reid's presence as personal representative will "facilitate the conduct of the litigation" because she, unlike Ms. Thompson, has a valid interest in the outcome of the litigation.  *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) (quoting 7A Wright and Miller, Federal Practice and Procedure § 1958, at 664–65).

### C.  Rule 25 Hearing

Ms. Thompson argues that Ms. Reid's substitution was improper because the Court did not hold a hearing pursuant to Fed. R. Civ. P. 25(a)(3) before issuing its Order.  *See* Thompson Notice [Doc. No. 400] at 2.  Ms. Thompson is correct that substitutions pursuant to Rule 25(c) must comply with Rule 25(a)(3), which requires service of "[a] motion to substitute, together with a notice of hearing . . . on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."  But Rule 25 does not require the Court to conduct a hearing before making a substitution.  *See Luxliner*, 13 F.3d at 72 ("Rule 25(c) does not specify a method for deciding motions or a standard to use in determining whether motions can be decided on the papers.").

---

[5] It is not uncommon for courts to substitute successive personal representatives after the interest in the estate had been transferred.  *See, e.g.*, *Holman ex rel. Holman v. Travelers Home & Marine Ins. Co.*, No. 2:20-CV-01208-AMM, 2021 WL 7906862, at *1 (N.D. Ala. Apr. 5, 2021); *Nowlin v. City of Oklahoma City*, No. 5:17-CV-00194-PRW (W.D. Okla. Oct. 11, 2018); *Campbell v. Est. of Kilburn*, No. 3:13-CV-00627-LRH-WGC, at *2 (D. Nev. July 21, 2014).

Further, a hearing on the motion to substitute would not have changed the outcome. The Oklahoma probate court adjudicated Ms. Thompson's rights as they relate to her interest in the Estate. The Court's substitution merely updates this litigation to reflect the probate court's substantive determination. Ms. Thompson has not offered any factual or legal argument in her briefing to explain how a hearing would have changed the Court's determination, nor has she demonstrated how the lack of a hearing prejudiced her rights. Therefore, the Court has no reason to disturb its Order. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

**D. Due Process**

Finally, Ms. Thompson argues that Ms. Reid's failure to provide a notice of a hearing violated her due process rights.[6] *See* Thompson Reply [Doc. No. 400] at 2. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). But "[u]nless a person asserts some basis for contesting a governmental deprivation of life, liberty, or property, he is not injured by defective procedures he has no occasion to invoke." *Rector v. City & Cnty. of Denver*, 348 F.3d 935, 943–44 (10th Cir. 2003). Here, Ms.

---

[6] Ms. Thompson admits that she was "served a copy of the Motion to Substitute." Thompson Reply [Doc. No. 400] at 1. This admission contradicts her previous statement that she "was never notified of the filing of the motion to substitute until [her] son Michael Washington discovered the motion to substitute had been filed in the office of the court clerk." Thompson Mot. [Doc. No. 398] ¶ 6.

Thompson's argument fails because she no longer has any interest in the Estate. The probate court's revocation of her letters of administrations functioned to terminate her property interest in the Estate.[7] This Court's subsequent decision to substitute Ms. Reid without a hearing, therefore, did not implicate Ms. Thompson's due process rights. *See F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) (per curiam) ("[T]here is no due process requirement to a hearing under Rule 25(c).")

IT IS THEREFORE ORDERED that Patricia Thompson's Motion for Relief [Doc. No. 398] is DENIED with prejudice. Ms. Thompson is admonished that any future filings will be stricken, as she is no longer a party to this action.

IT IS FURTHER ORDERED that Ms. Reid's attorneys shall file entries of appearance on her behalf within 7 days of the date of this Order.

IT IS SO ORDERED this 16th day of September, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[7] Ms. Thompson had ample notice and opportunity to be heard before the probate court revoked her letters of administration. Through her counsel, she filed an objection to Ms. Reid's petition for revocation with the probate court. The probate court then held a hearing, at which Ms. Thompson appeared with counsel. After the probate court removed Ms. Thompson as personal representative, she filed both a motion to reconsider and a corrected motion to reconsider. Ms. Reid filed a response, to which Ms. Thompson replied. The probate court then conducted another hearing, where Ms. Thompson's attorney appeared on her behalf. Following briefing and argument, the probate court found "no basis in law or fact to grant the Motion [to Reconsider]." *In re Est. of Marconia Lynn Kessee*, Case No. PB-2018-564 (Okla. Cnty. Aug. 25, 2022).