IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY REID, as personal representative of the estate of MARCONIA LYNN KESSEE, <br><br> Plaintiffs, <br><br> v. <br><br> CLEVELAND COUNTY BOARD OF COUNTY COMMISSIONERS, et al., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. CIV-19-113-SLP |

## **O R D E R**

Before the Court is the Joint Motion to Extend Administrative Closing Date and Enter Judgment Against the City of Norman [Doc. No. 418]. The parties previously notified the Court that they had reached a settlement agreement. In response, the Court entered an Administrative Closing Order on October 31, 2023. *See* [Doc. No. 417]. That Order directed the Court Clerk to administratively terminate the action "without prejudice to the right of a party to file a stipulation or order of dismissal or, for good cause shown upon motion, to reopen the proceeding for any other purpose necessary to obtain a final determination of the action." *Id.* The order also stated: "If, within sixty (60) days from the date of this Order, closing papers have not been filed or leave sought to reopen the case, **this action shall be deemed dismissed with prejudice**." *Id.* (emphasis added).

This language renders the Court's Administrative Closing Order "self-executing," meaning it "ripen[s] into [a] judgement[] of dismissal[]" if the parties do not reopen the case "within the time frame set forth." *Williams v. Midland Mortgage Co.*, CIV-04-1745-

R, 2007 WL 9710888, at *2 (W.D. Okla. Oct. 4, 2007).  By the plain terms of the Order, therefore, this action was deemed dismissed with prejudice on January 2, 2024.[1]  *See Morris v. City of Hobart*, 39 F.3d 1105, 1109 (10th Cir. 1994) (treating "an administrative closing order that notifies the parties that the case will be dismissed with prejudice absent action on their part within a specified period of time" as a dismissal under Federal Rule of Civil Procedure 41(a)(2)); *see also Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 643 (10th Cir. 1988) (finding similar administrative closing order "by its own terms matured into a dismissal" 60 days after its entry).

The parties did not file the instant Motion until January 11, 2024—after the dismissal had already taken effect.[2]  Nor did the Administrative Closing Order "incorporate the terms of the settlement agreement or mention a reservation of jurisdiction." *McKay v. United States*, 207 F. App'x 892, 894 (10th Cir. 2006); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  Accordingly, the Court lacks jurisdiction to grant the parties' requested relief.[3]  *See City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("[D]istrict courts have an independent obligation to

---

[1] Because the 60-day deadline fell on Saturday, December 30, this calculation excludes weekends and legal holidays.  *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] Prior to the entry of the Administrative Closing Order, the parties unambiguously conveyed that they had agreed to settle this matter.  The Court expresses no opinion about the parties' ability to separately enforce this agreement, *see Morris*, 39 F.3d at 1111, or to seek other appropriate relief, *see, e.g.*, *CSU, L.L.C. v. Xerox Corp.*, 202 F.R.D. 275, 278 (D. Kan. 2001); *Ibarra v. City of Tahlequah*, No. 12-CV-0098-JHP, 2013 WL 4501477, at *1 (E.D. Okla. Aug. 22, 2013).

[3] The Motion also includes a request for an entry of judgment against the City of Norman.  *See* Mot. at 2.  It is unclear whether the parties seek this relief contemporaneously or whether they plan to file a separate motion at a later date.  Either way, for the reasons stated herein, the Court lacks jurisdiction to grant such relief.

address their own subject-matter jurisdiction . . . ."); *see also Williams,* 2007 WL 9710888, at *2 ("[T]he Court is constrained to hold that it is now without subject matter jurisdiction to reopen this case."). The Motion is therefore DENIED.

IT IS SO ORDERED this 16th day of January, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE